IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KHALED MOKHEICHE, :
 :
    Petitioner :
 :
v. : CIVIL NO. 3:CV-16-521
 :
WARDEN LOWE, ET AL., : (Judge Conaboy)
 :
    Respondents :

FILED SCRANTON
MAY 0 3 2016
PER _____
DEPUTY CLERK

## MEMORANDUM
### Background

Khaled Mokheiche, a detainee of the Bureau of Immigration and Customs Enforcement (ICE) presently confined at the Pike County Prison, Lords Valley, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The required filing fee has been paid. Named as Respondents are the Warden Lowe of the Pike County Prison and multiple federal officials. Service of the petition was recently ordered on April 12, 2016.

Mokheiche states that he is a native and national of Lebanon who entered the United States in 1983 as a legal permanent resident through his spouse's petition. has been detained by ICE for over six months. According to the Petition, he was arrested in 2014 and charged with illegal reentry and antique smuggling. After pleading guilty to those charges, Mokheiche served a five month term of imprisonment and was

1

transferred into ICE custody. It is alleged that ICE has been unable to deport Mokheiche to Lebanon. Petitioner's pending § 2241 petition challenges his indefinite detention pending removal under the standards announced in Zadvydas v. Davis, 533 U.S. 678 (2001) and for failure to timely effect his removal.

### Discussion

On May 2, 2016, Respondent filed a "Suggestion of Mootness." Doc. 4, p. 1. The notice states that Petitioner was deported from the United States pursuant to a Warrant of removal/Deportation on April 26, 2016. Accordingly, Respondent contends that since the relief sought by his pending action can no longer be granted, dismissal on the basis of mootness is appropriate.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel

2

v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As relief, Mokheiche sought his immediate release from ICE detention under an order of supervision. See Doc. 1, p. 12. A submitted copy of a Warrant of removal issued by ICE in Petitioner's case confirms that he was removed from the United States on April 26, 2016. See Doc. 4-1, p. 2. Since Petitioner is no longer being detained by ICE, under the principles set forth in Steffel, Mokheiche's instant petition is subject to dismissal as moot since it no longer presents an existing case or controversy. An appropriate Order will enter.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: MAY 2nd, 2016